UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

____

CHRISTOPHER MICHAEL WILSON,

        Plaintiff,                     Case No. 2:14-cv-34

v.                                      Honorable Robert Holmes Bell

UNKNOWN PARTIES, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Christopher Michael Wilson, a state prisoner currently confined at the Chippewa Correctional Facility (URF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Unknown Parties Alger Correctional Facility Regional Account Staff, and T. Immel. Plaintiff alleges that on June 28, 2013, the Regional Account Staff flagged Plaintiff's account for $475.29 as reimbursement for the cost of treating self-inflicted wounds. On July 7, 2013, Plaintiff filed a grievance regarding this conduct, which was denied at steps I, II and III. On August 2, 2013, Defendant Immel issued a Notice of Intent (NOI), stating that Plaintiff had injured himself, that the cost of treating his injuries was $475.29, and that Plaintiff was required to reimburse the prison for the cost of his self-injurious behavior. Plaintiff complains that his account was flagged before the issuance of the NOI, and that this conduct violated his Fourteenth Amendment due process rights. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

**Discussion**

I. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff contends that because his account was flagged for $475.29 prior to any Notice of Intent or hearing on the matter, his Fourteenth Amendment due process rights were violated. The elements of a procedural due process claim are: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Pro"l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006).

In this case, Plaintiff claims that he was deprived of his property, specifically money in his prisoner account, without the benefit of a hearing. However, the court notes that the step I response to Plaintiff's grievance URF-13-07-2005-01G, which is attached to Plaintiff's complaint, states:

> Facility account records show charges was [sic] processed on June 28, 2013, for Medical Costs of $475.29. Records show no NOI was processed for a hearing. Regional account staff has deactivated the Medical Obligation and a NOI will be submitted from Alger Correctional to Chippewa for the hearing.

*See* docket #1-1, p. 4 of 15.

The step II grievance response indicates:

> An [sic] NOI was written and a hearing was held by [Assistant Resident Unit Supervisor] Hagelee on 8/15/13. It is noted on 3/9/13, grievant engaged in self-injurious behavior by cutting his right forearm and hand which required offsite emergency room intervention. As allowed by policy, grievant will be charged the full cost of the emergency medical care provided as a result of the self inflicted injury to include transportation and custody costs for a total of $475.29. The Administrative Hearing Report has been forwarded to Prisoner Accounting to activate the medical obligation. There has been no evidence presented to support grievant's allegations that he is being charged inappropriately and grievant has provided nothing to the contrary. No violation of policy exists.

*Id.*, p. 6 of 15.

According to the August 2, 2013, Notice of Intent, Plaintiff engaged in self-injurious behavior on March 9, 2013, when he cut his right forearm and hand, which resulted in an offsite emergency room intervention. *Id.*, p. 10 of 15. As noted above, Plaintiff received a hearing on the Notice of Intent on August 15, 2013. *Id.*, p. 9 of 15. In the reasons for findings section of the administrative hearing report, Hearing Officer T. Hagelee states:

> PD 03.04.101, Section I states "A prisoner who intentionally injures himself/herself and receives emergency medical care for that injury shall be charged the full cost of the emergency and subsequent medical care provided as a result of the injury except if a qualified mental health professional determines the prisoner was mentally ill at the time of the self-injury, and either lacked substantial capacity to know right from wrong or was incapable of conforming his/her conduct to Department rules. The cost of medical care shall include ancillary services such as transportation and custody costs."
>
> Per the above stated policy, this inmate should be charged the full cost of the emergency medical care provided as a result of the self inflicted injury to include transportation and custody costs. The total cost is $475.29. Charge prisoner's account for reimbursement of these costs.

*Id*.

It is clear that Plaintiff received due process of law in this case. As noted above, Plaintiff's Medical Obligation was deactivated after he filed his step I grievance on the matter. The obligation to reimburse the MDOC for his medical expenses was not reinstated until after the NOI was issued and a hearing was conducted on the NOI. Plaintiff cannot support any claim that his constitutional rights were violated during the administrative hearing, nor does Plaintiff even assert that his injuries were not self inflicted. Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Massachusetts Institute,*

*Walpole v. Hill*, 472 U.S. 445 (1985). Plaintiff has failed to show that his constitutional rights were denied.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: <u>August 19, 2014</u>     /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE